UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **FREDDY CASHAW** § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil No. 6:22-CV-00369-ADA-DTG |
| § | |
| **LASALLE CORRECTIONS, INC.,** § | |
| *Defendant.* § | |
| § | |
| § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ALAN D ALBRIGHT,
   UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9, hereinafter the "Motion"), Plaintiff's Opposition to the Motion to Dismiss (ECF No. 12), and Defendant's Reply (ECF No. 13). The Court heard oral argument on this matter on September 2, 2022 (ECF No. 17). For the following reasons, the Court **RECOMMENDS** Defendant's Motion be **GRANTED**.

### I.  BACKGROUND

Plaintiff Freddie Cashaw ("Plaintiff"), who is proceeding *pro se* in this action, filed his Original Complaint ("Complaint") on April 13, 2022. (Dkt No. 1). Plaintiff's Complaint claims that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"). (Dkt No. 1). Specifically, Plaintiff checked "Race" and "Sex" as the bases of his Complaint on the form Complaint. (Dkt No. 1). Although Plaintiff did not check the boxes for "Religion" or "Age",

Plaintiff hand wrote the following in his Complaint: (1) for religion: Baptist; and (2) for age: 12-02-1953. (Dkt No. 1).

On February 9, 2017, Plaintiff filed his Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit A to Complaint). Plaintiff only checked the "RACE" box on his Charge, and did not select religion, age, or disability as demonstrated by the image reproduced below.

```
DISCRIMINATION BASED ON (Check appropriate box(es).)        DATE(S) DISCRIMINATION TOOK PLACE
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN      Earliest         Latest
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION    09-23-2016     09-23-2016
[ ] OTHER (Specify)                                                  [ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
PERSONAL HARM:
On or about September 23, 2016, I was not hired/selected for the position of Captain (Supervisor) of Correctional Staff.

RESPONDENT'S REASON FOR ADVERSE ACTION:
I was advised that a more qualified Candidate had been selected.

DISCRIMINATION STATEMENT:
I believe I have been discriminated against because of my race, Black in violation of the Americans with Disabilities Act of 1964, as amended.
```

*Id.* Additionally, Plaintiff's Charge did not include allegations of discrimination for sex, religion, age, or discrimination. *Id.*

## II. LEGAL STANDARD

To avoid dismissal for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). When the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 at 678. "[T]he plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls

for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). The court determines whether the plaintiff has stated both a legally cognizable and plausible claim; the court should not evaluate the plaintiff's likelihood of success. *Lone Star Fund V. (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

A pleading offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Based upon the assumption that all the allegations in the Complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A court, however, need not blindly accept each and every allegation of fact. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  However, to satisfy the *Iqbal* pleading standard in a patent case, "[s]pecific facts are not necessary." *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The Complaint need only give the defendant "fair notice of what the claim is and the ground upon which it rests." *Id*.

Before seeking relief in Federal court, a Title VII plaintiff must exhaust his administrative remedies. *Stroy v. Gibson*, *Interim Secretary on Behalf of Dep't of Veterans Affairs*, __F.3d__,

2018 WL 345826, at *2 (5th Cir. 2018); *Lavigne v. Cajun Deep Founds, L.L.C.*, 654 F. Appx 640, 643 (5th Cir. 2016). *Stroy v. Gibson*, *Interim Secretary on Behalf of Dep't of Veterans Affairs*, 896 F.3d 693, 698 (5th Cir. 2018) (citing *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018)). The law requires Plaintiff exhaust his administrative remedies before pursuing any such discrimination claims in Federal court. 42 U.S.C. § 2000e–5(f)(1).

Although filing an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996); *See Young v. City of Houston, Tex.,* 906 F.2d 177, 179 (5th Cir.1990) (filing a charge with the EEOC is a condition precedent to filing a Title VII suit). This requirement serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir.1970). The lawsuit that follows is appropriately limited to the EEOC investigation that could reasonably be expected from the charge of discrimination. *Young,* 906 F.2d at 179 (citing *Sanchez,* 431 F.2d at 466).

### III.   ANALYSIS

As discussed above, Plaintiff filed his Charge in February 2017, but only checked the box for racial discrimination. He did not select the boxes for claims of sex, religion, disability, or age. Additionally, the Charge contains no facts or statements of any alleged discrimination on the basis of sex, religion, disability, or age. Plaintiff's form Complaint, however, had handwritten notes in and around the boxes for those additional allegations, which created confusion as to whether those bases were also being alleged in this Case. At the September 2,

2022 hearing, Plaintiff clarified and confirmed that he was *not* alleging discrimination on the basis of sex, religion, disability, or age, and did not object to removing those allegations from the Case. As such, this Court recommends that those allegations be dismissed from this Complaint. Plaintiff's allegation of racial discrimination, however, will remain and go forward.

## IV.   CONCLUSION

For the reasons outlined above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED.**

## V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 14th day of December, 2022**.

_____
DEREK T. GILLILAND

UNITED STATES MAGISTRATE JUDGE